■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. REGINALD SALIK, Appellant.— Judgment rendered February 13, 1973, Supreme Court, New York County, convicting defendant upon a jury verdict of robbery in the first degree, grand larceny in the third degree, possession of a weapon, assault in the second degree and resisting arrest, unanimously modified, on the law, to the extent of reversing the conviction on the grand larceny count and dismissing that count of the indictment and, as so modified, the judgment is affirmed. As the People properly point out, the grand larceny count is an "Inclusory concurrent count" (CPL 300.30, subd. 4) of the robbery conviction. As such, a conviction upon the robbery count is deemed a dismissal of the lesser inclusory count of grand larceny (CPL 300.40, subd. 3, par. [b]; *People* v. *Pyles,* 44 A D 2d 784). Concur — Stevens, J. P., Murphy, Lupiano, Capozzoli and Lane, JJ.

■ NORMA PONARD, Respondent, v. HUBERT PONARD, Appellant.— Order, Supreme Court, New York County, entered December 2, 1974, granting plaintiff's motion for temporary alimony, child support and counsel fee, and directing that defendant pay alimony in the sum of $250 per week, child support in a like sum, and counsel fee of $2,000, unanimously modified, on the law and the facts, to provide and direct weekly alimony and child support payments in the respective sums of $200, and as so modified, affirmed, without costs and, without disbursements. In fixing the amount of temporary alimony to be awarded, the court looks, in the first instance, to the provisions of section 236 of the Domestic Relations Law. The statute provides that the court may direct the husband to provide "suitably for the support of the wife as, in the court's discretion, justice requires, having regard to the length of time of the marriage, the ability of the wife to be self supporting, the circumstances of the case and of the respective parties." As stated in *Phillips* v. *Phillips* (1 A D 2d 393, 398, affd. 2 N Y 2d 742): "The ultimate determination in each case must depend upon a balancing of several factors — the financial status of the respective parties, their age, health, necessities and obligations, their station in life, the duration and nature of the marriage, and the conduct of the parties." Scrutiny of the record warrants finding that plaintiff is able to some extent to be self supporting. Applying the principles enunciated above to the case at bar, it is concluded that, in order to achieve a fairer balance of the equities, the order appealed from must be modified downward to provide for $200 alimony per week and child support in a like sum (see *Kover* v. *Kover,* 29 N Y 2d 408). It is again noted that "The best protection to both parties against any unfairness in the fixing of temporary alimony on the basis of affidavits is a speedy trial rather than an appeal or reference" (*Bleiman* v. *Bleiman,* 272 App. Div. 760; see *Gross* v. *Gross,* 44 A D 2d 806). At the trial, the awards directed herein should have no effect in the determinations as to the grant of permanent alimony, child support or the amounts thereof, which determinations should rest upon the evidence adduced at said trial. On this record, modification is limited to the foregoing observations. Concur — Markewich, J. P., Murphy, Lupiano and Nunez, JJ.